Filed 10/13/25 In re C.S. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| IN RE C.S., a Person Coming Under the Juvenile Court Law. | 2d Crim. No. B342862 (Cons. w/ B343993) (Super. Ct. Nos. LB0559A, LB0559B) (Los Angeles County) |
| THE PEOPLE, Plaintiff and Respondent, v. C.S. Defendant and Appellant. | |

This case involves two separate petitions filed under Welfare and Institutions Code section 602 involving the same minor.  We granted appellant's motion to consolidate the appeals for purposes of briefing, oral argument, and disposition.

The first petition charged appellant with misdemeanor vandalism with damage of $400.00 or more, in violation of Penal Code section 594, subdivisions (a) and (b)(l).  The second petition

alleged one count of injuring a girlfriend, a misdemeanor violation of Penal Code section 273.5, subdivision (a).

Contested hearings were held on both petitions, both charges were found true, and the petitions were sustained. Appellant was placed at home on probation, on various terms and conditions, including payment of $1,198.67 in restitution.

*Misdemeanor Vandalism with*

*Damage of $400 or More*

A witness saw two people graffitiing a block wall. He called the sheriff after he saw one of the two people walk to a car, grab a different color of spray paint, and go back to the wall. The witness identified appellant as one of the two people.

Workers estimated the total cost of repairs, based on the labor and materials necessary to remove the paint, at $2,397.34.

*Misdemeanor Corporal Injury to a Girlfriend*

Stephanie B, age 17, dated appellant for three years. When Stephanie's dad kicked her out of his house, appellant offered her shelter at his mom's home.

One night after midnight, appellant and Stephanie got into an argument. He accused her of cheating; he was angry because she was texting someone. He started hitting her, striking her legs with a closed fist and causing a bruise. He hit her about five times, stopped, looked disgusted, and spit in her face.

Some hours later, but on the same day, the argument picked up again. Appellant slapped and choked Stephanie. As the argument escalated, appellant kicked down a door and started arguing with his mother. After stabbing himself with a screwdriver, someone told him police were on the way, and appellant fled.

Stephanie complied with appellant's mother and lied to the police, telling them nothing had happened. A few days later, Stephanie spoke with an on-campus social worker at her school. The social worker was aware of Stephanie's relationship with appellant and asked about it, pointing at her bruises. Stephanie told the social worker the truth, and police were called again.

Stephanie told the police what had occurred and explained why she had not told the truth before. As of the date of the hearing, she was still afraid of what appellant might do.

We appointed counsel to represent C.S. in this appeal. After counsel examined the record, she filed an opening brief raising no arguable issues. We advised C.S. by mail that he had 30 days to file a supplemental brief raising any issues he wished us to consider. We did not receive a response.

We have reviewed the entire record and are satisfied no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441-443.)

The judgment is affirmed.

NOT TO BE PUBLISHED.



CODY, J.

We concur:



GILBERT, P. J.



BALTODANO, J.

3

John C. Lawson, Judge
Superior Court County of Los Angeles

_____

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.